*Tritt v. Automatic Data Processing Inc. Long Term Disability Plan, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> JOHN M. WALKER, Jr.,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

Suellen Seidner Tritt,

> *Plaintiff-Appellant,*

v.                                                            12-3665

Automatic Data Processing Inc. Long Term
Disability Plan, *et al.*,

> *Defendants-Appellees,*

---

| | |
|---|---|
| **FOR PLAINTIFF -APPELLANT:** | DAVID M. HOFFMAN, Summit, NJ (Daniel Benjamin, Benjamin & Gold PC, Stamford, CT *on the brief*). |

**FOR DEFENDANTS -APPELLEES**     MICHAEL T. GRAHAM, McDermott
                                   Will & Emery LLP, Chicago, IL.

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Suellen Tritt, appeals the district court's grant of judgment on the administrative record for Defendants-Appellees. Plaintiff filed this action to recover disability benefits allegedly owed her under her former employer's ERISA-covered long-term disability insurance plan. We assume the parties' familiarity with the underlying facts and procedural history of the case. The only argument Tritt makes on appeal is that the district court improperly interpreted a clause in her insurance policy limiting benefits for psychiatric disabilities. Since this issue was not presented to the district court, we need not entertain it here. *Greene v. United States*, 13 F.3d 577, 585-86 (2d Cir. 1994). In any event, the clause is unambiguous and was properly interpreted by the district court.

Accordingly, we **AFFIRM** the judgment of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Prior to oral argument, Tritt's counsel moved to adjourn. We denied the motion and took the case on submission.